UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| MICHAEL HENRY LOTTO | : CASE NO. 25-31100-AMN |
| | : |
| Debtor. | : February 16, 2026 |

## MOTION TO DISMISS CHAPTER 13 CASE

Roberta Napolitano, Chapter 13 Standing Trustee, ("Trustee") represents that the above-captioned Debtor ("Debtor") has failed to properly prosecute this bankruptcy case in one or more of the following respects. The Trustee seeks dismissal of the case for cause pursuant to 11 U.S.C. Sections 305(a) and 1307(c) based on the deficiencies indicated below.

If the deficiencies set out below are remedied and the case is not dismissed, notice is hereby given to the Debtor that the Trustee may also seek dismissal of the Chapter 13 case at the hearing on confirmation of the Debtor's Chapter 13 plan. If the Debtor cannot confirm a plan for any reason, then the Trustee will request at the confirmation that the case be dismissed under 11 U.S.C. Section 1307(c)(5).

1. I reviewed the files and records of the office of the Standing Chapter 13 Trustee for the District of Connecticut made and kept in the usual and ordinary course of its business. The records were made at or near the time of the events they record by someone with knowledge of the events they record.

2. I rely on those records in making the following statements.

3. <u>The Debtor has failed to maintain plan payments</u>: Section 1326(a) of the Bankruptcy Code requires the Debtor to start making plan payments within 30 days of the time (s)he filed the plan or the case, whichever is earlier. The Debtor filed this case on November 22, 2025 and a Plan (ECF No. 9, the "Plan") on December 8, 2025. The Debtor should have paid a total of $6,333.34. To date, the Debtor is overdue in the amount of $6,333.34. Given the failure to make payments, it appears that the Debtor will be unable to comply with 11 U.S.C. §1325(a)(6) by making all payments and complying with the Plan. A report of receipts to date from the Trustee's system is attached.

Receipts and Debtor Refunds for Case 2531100   Debtor: LOTTO, MICHAEL HENRY

| Date | Period | Transaction Type | Source | Check/MO# | Receipt |
|---|---|---|---|---|---|

4. <u>The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan is feasible or represents the Debtor's best efforts.</u> Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee so that she may perform her duties under the Code, and to turn over all recorded information relating to property of the estate. The Debtor has not provided:
    a. Payment advices or other evidence of income received by the debtor for the six full months preceding the petition date;
    b. State and federal income tax returns for the two years preceding the filing;
    c. Petition date bank statements;
    d. Property valuations for real or personal property;
    e. Payment advices or other evidence of payment received by the debtor updated to the time of confirmation.

5. <u>The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan complies with 11 U.S.C. § 1325(a)(4), and provides for the distribution to unsecured claims of an amount that is not less than what they would receive in a Chapter 7 liquidation</u>. Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee to allow her to perform her duties under the Code, and to turn over all recorded information relating to property of the estate. The Debtor has failed to provide:
    a. Property valuation for real property.

6. <u>The Debtor has failed to attend a properly noticed first meeting of creditors pursuant to</u> Section 341 of the Bankruptcy Code.

I declare under penalty of perjury that the information contained in the foregoing **numbered** paragraphs is true and correct. Executed on February 16, 2026.

7. <u>The Plan was not filed on the current version of the Local Form Chapter 13 Plan for the District of Connecticut revised as of September 2025. See, Appendix E – Local Bankruptcy Rules.</u> Despite the Court's notice issued on December 9, 2025 (ECF No. 10), and November 24, 2025 (ECF No. 3), the Debtor failed to cure the filing deficiency.

8. <u>The Debtor failed to respond to the Court's Order to Show Cause Why Case Should Not Be Dismissed (ECF No. 17) for failure to file a Chapter 13 Plan using the correct form.</u>

Wherefore, the Trustee requests that the court dismiss the case, unless the indicated defects are cured prior to any hearing on this motion.

                                       */s/ Roberta Napolitano, Trustee*
Roberta Napolitano, Trustee
Chapter 13 Standing Trustee
10 Columbus Blvd., 6th Floor
Hartford, CT 06106
Tel: (860) 278-9410
Email: rnapolitano@ch13rn.com
Federal Bar No.: tr0837813

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| MICHAEL HENRY LOTTO | : CASE NO. 25-31100-AMN |
| | : |
| Debtor. | : February 16, 2026 |

CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the date set forth above, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system, or by first class mail on the parties listed in section 2 below:

1. **Documents Served:** Motion to Dismiss with proposed order

1. **Parties Served Via First Class Mail:**
   Debtor(s):
   MICHAEL HENRY LOTTO
   9 N BANK STREET
   NEW HAVEN, CT 06511-2519

2. **Parties Served Electronically Include:**
   Debtor's Attorney: MICHAEL J. HABIB, ESQ.
   Email: mike@inzitarilawoffice.com
   Debtor(s):
   MICHAEL HENRY LOTTO
   Office of the United States Trustee,
   Kim McCabe, Assistant United States Trustee
   Email: ustpregion02.nh.ecf@usdoj.gov

                              */s/ Roberta Napolitano*
                              Roberta Napolitano
                              Chapter 13 Standing Trustee
                              10 Columbus Blvd., 6th Floor
                              Hartford, CT 06106
                              Tel: (860) 278-9410
                              Email: rnapolitano@ch13rn.com
                              Federal Bar No.: tr0837813

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

IN RE: : CHAPTER 13
MICHAEL HENRY LOTTO : CASE NO. 25-31100-AMN
:
Debtor. :

PROPOSED ORDER GRANTING TRUSTEE'S MOTION TO DISMISS CASE FOR FAILURE TO MAKE PLAN PAYMENTS

On February 16, 2026, Roberta Napolitano, the Chapter 13 trustee (the "Trustee") filed a Motion to Dismiss the Debtors' case (the "Motion to Dismiss," ECF No. __). The Motion to Dismiss sets forth several bases for dismissal of this case, including that: (i) the Debtor failed to maintain preconfirmation payments under the terms of their proposed plan (the "Plan," ECF No. 9) demonstrating inability to comply with 11 U.S.C. §1325(a)(6); (ii) the Plan was not filed on the current version of the Local Form Chapter 13 Plan for the District of Connecticut revised as of September 2025 (*See* Appendix E – Local Bankruptcy Rules) and despite the Court's notices of the deficiency issued on December 9, 2025 (ECF No. 10), and November 24, 2025 (ECF No. 3), the Debtor failed to cure the filing deficiency and failed to respond to the Court's Order to Show Cause Why the Case Should Not Be Dismissed (ECF No. 17) for failure to file the plan on the correct form; and (iii) the Debtor failed to serve the Plan on all creditors as required by Fed. R Bankr. P. 3015(d).

On _____, a hearing was held on the Motion to Dismiss. Accordingly, pursuant to 11 U.S.C. § 1307(c), for the reasons set forth in the Motion to Dismiss and during the hearing, it is hereby:

ORDERED: the motion is GRANTED and the case is DISMISSED.