**File an order :**

25-31100 Michael Henry Lotto Debtor dismissed 02/26/2026

Type: bk                    Chapter: 13 v                Office: 3 (New Haven)

Assets: y                   Debtor disposition: Dismissed for    Judge: amn
                            Failure to File Information

Case Flag: DebtEd, Repeat,
DISMISSED

**U.S. Bankruptcy Court**

**District of Connecticut**

Notice of Electronic Filing

The following transaction was received from sms entered on 4/17/2026 at 3:59 PM EDT and filed on 4/17/2026
**Case Name:**        Michael Henry Lotto
**Case Number:**      25-31100
**Document Number:** 31

**Docket Text:**

**ORDER TO SHOW CAUSE WHY ATTORNEY SHOULD NOT BE SANCTIONED FOR IGNORING COURT ORDERS AND SCHEDULING A HEARING:** This case was dismissed because the Debtor and Debtor's counsel failed to use the current version of the Court's Local Form Chapter 13 Plan of Reorganization. ECF Nos. 9, 25; See also, Local Bankr.R. Appendix E. This error was not corrected despite the Court raising the issue on several occasions. ECF Nos. 10, 13, 17. Because the use of an outdated bankruptcy form is an error attributable to counsel, rather than the Debtor, the Court retained jurisdiction to review Attorney Michael J. Habib's attorneys fees, and so established a deadline for him to file an application for compensation, pursuant to 11 U.S.C. § 330, along with detailed time records, a copy of the letter of engagement for this case, the amount and date of each payment by the Debtor to Attorney Habib, and an explanation for the Debtor's failure to file a Chapter 13 Plan given the various Orders to Show Cause. ECF No. 25.
Attorney Habib failed or refused to comply with the Court's Order entered as ECF No. 25.

In addition to Attorney Habib's non-compliance with ECF No. 25, this case bears several hallmarks consistent with a case filed in bad faith for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, in violation of Fed.R.Bankr.P. 9011. For example:
1) The Debtor failed to use appropriate local forms;
2) neither the Debtor nor Attorney Habib appeared at any of the four scheduled 11 U.S.C. § 341 meetings in this case;
3) This is the Debtor's third Chapter 13 Bankruptcy case in two years; and
4) The Debtor filed this case on the same date as a scheduled foreclosure sale (see Connecticut Superior Court Case No. NNH-CV-196092761-S, Doc. 149.10).
Notably, the Debtor also did not take other steps which would be expected of a debtor in a Chapter 13 case, such as making pre-confirmation plan payments to the Chapter 13 Trustee or providing required documents pursuant to 11 U.S.C. § 521. ECF No. 21.

Attorney Habib was counsel of record in both of the Debtor's previous Chapter 13 cases. Case Nos. 24-30774 and 25-30311. The Court dismissed the 2025 Case after the Debtor failed to respond to an Order to Show Cause regarding unreasonable delay by the Debtor within the meaning of 11 U.S.C. § 1307(c)(1). Case No. 25-30311, ECF Nos. 15, 31.

As with this case, the Debtor also filed the 2025 Case on the eve of a foreclosure sale. Case No. NNH-CV-196092761-S, Doc. 136.00. The Debtor made no Chapter 13 plan payments in his 2025 case, as required by 11 U.S.C. § 1326(a), and there is no indication the Debtor or Attorney Habib appeared at a § 341 meeting in the 2025 Case. Neither the Debtor nor Attorney Habib appeared at the confirmation hearing scheduled in the 2025 Case and the Chapter 13 Trustee represented she was unable to contact Attorney Habib regarding the 2025 Case. Case No. 25-30311, ECF No. 29. An almost identical pattern can be seen in the Debtor's 2024 Chapter 13. Case No. 24-30774. See also Case No. NNH-CV-196092761-S, Doc. 127.00.

Pursuant to Fed.R.Bankr.P. 9011(c)(3) and 11 U.S.C. § 105 the Court has inherent authority to sanction attorneys practicing before it. See In re Markus, 78 F.4th 554, 565 (2d Cir. 2023) (bankruptcy court has inherent authority to sanction attorneys that practice before it); see also In re Reyes, 651 B.R. 99, 133 (Bankr. S.D.N.Y. 2023) ('courts may use inherent power to sanction where the attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court')

Accordingly, it is hereby

**ORDERED:** On or before May 15, 2026, Attorney Habib must file a written response to this Order showing cause why he should not be sanctioned for his failure to comply with this Court's Order at ECF No. 25. Attorney Habib's response must also detail the facts and circumstances supporting a conclusion that the commencement of this case was not frivolous or was not undertaken merely to delay a creditor. And, it is further,

**ORDERED:** On May 28, 2026, at 11:00 a.m. the Court will hold a hearing to consider a possible sanction taking into account any response filed by Attorney Habib, at the United States Bankruptcy Court, 157 Church Street, 18th Floor Courtroom, New Haven, CT. Signed by Chief Judge Ann M. Nevins on April 17, 2026. (sms)

The following document(s) are associated with this transaction:

**25-31100 Notice will be electronically mailed to:**

Michael J. Habib on behalf of Debtor Michael Henry Lotto
mike@inzitarilawoffice.com, mike.inzitarilawoffice.com@recap.email

Roberta Napolitano
notices@ch13rn.com, rnapolitano13@ecf.epiqsystems.com;trusteeCTBRN@ecf.epiqsystems.com

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

**25-31100 Notice will not be electronically mailed to:**