**EXHIBIT A**

# Jubilee

# Elevate Your Bankruptcy Practice

Committed to helping bankruptcy firms maximize their practice's potential.

Schedule Demo          Sign up

0:01 / 0:20



1 of 9

# Products and Services

Everything you need to file a bankruptcy case in one place.

## Bankruptcy

Jubilee prepares required official forms and quickly walks you through the steps of filing. It supports Chapters 7, 11, 12, and 13.



Chapter 7 Forms

Chapter 11 Forms

Chapter 12 Forms

Chapter 13 Forms



Credit Report                                                                 Imported

**742** Excellent

300                                                                              850

# Jubilee Credit Services

A unique service where your clients can order their credit report and they can import the data into their case file.

# Court Noticing

No need to download your court notices anymore. Jubilee will do it for you. Your court emails are indexed and searchable to make them easy to find.

| | |
|---|---|
| Case #2023-BK-78542 | Yesterday |
| Case #2024-BK-15369 | 3 days ago |

Document Upload

Secure Messaging

# Client Portal

The client portal allows your clients to upload needed documents and files as well as securely communicate with your firm through the software.

# Legal Payments through LawPay

Get paid faster and improve cash flow. Jubilee Legal Payments is a secure online payments tool. Get paid easier without extra fees per transaction.

| Client: Robert Johnson | $2000 |
| --- | --- |
| Payment Plan | $1500/$2000 |

| Client: Maria Garcia | $1200 |
| --- | --- |
| Payment Plan | $400/$1200 |

## Trusted Payment Solution



LawPay
AN AFFINIPAY SOLUTION

- IOLTA Compliant
- Advanced security
- Credit, debit & eCheck
- Scheduled payments

# Electronic Signatures

We use SignNow to seamlessly integrate electronic signatures for official forms and firm documents.

### Client: Jane Smith

| Client Agreement | Pending |
| --- | --- |
| Bankruptcy Petition | Signed |



# Client Communications

Send text messages to your clients directly from the platform. All messages are stored by case so you don't lose track of your client conversations.

# Our Commitment

We believe in providing best-in-class technology along with personalized, responsive services.

 ### Quality Technology

Our software is built with the latest technology to ensure reliability, security, and ease of use for bankruptcy professionals.

 ### Personalized Service

We provide dedicated support and personalized attention to ensure your practice gets the most out of our solutions.



### Responsive Solutions

We continuously improve our offerings based on customer feedback and industry changes to keep your practice ahead.

# Don't take our word for it, see what our clients say

We are honored by the feedback and it fuels our commitment to go above and beyond for our clients.

een very
ed with
e. The
g is
dable and
tech
ort is top

Hands down, Jubilee is the best consumer bankruptcy petition-prep software on the market. I tried

ied. They
to
estions and
antly
ove the
ram to
our needs.

them all, and none come close. None of the case-management software I've tried and used so far come close to work as well as Jubilee. You'll need to use it for a few months to figure out all the different functions, but once you get the hang of it, it's all there, it makes sense, and it works.

C.

ney



Ofir R.

Attorney



Jubilee Pro: Practice Management Software for Bankruptcy Professionals  https://www.jubileepro.com/

Case 25-31100  Doc 40-1  Filed 06/29/26  Entered 06/29/26 23:04:51  Page 9 of 69



# Ready to Transform Your Practice? Start Your 30-Day Free Trial Today!

30+ Years of Quality Software & Premium Customer Service

Learn more  Get started

# Our Partners

Jubilee has teamed up with several providers to offer you everything you need to work, all in one place.

  

Features  Diligence Services  Pricing  Contact us

Terms    Privacy

© 2026 Jubilee. All rights reserved.

**EXHIBIT B**



**EXHIBIT C**

This form is a fillable form in Jubilee. Some of the data will be pre-populated from the case (debtor name, date, case number, etc.) but most of the data will need to be entered manually by typing into the fields or checking the boxes. You can also Save the data by clicking Save at the bottom and can generate the PDF by clicking the PDF icon in the top right.



Connecticut Local Form Chapter 13 Plan                                              9/2025

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

Fill in this information to identify your case:

Debtor 1*          **Michael**          **Henry**          **Lotto**
                   First Name           Middle Name        Last Name

                   Social Security Number: XXX-XX-5530
                       (Enter only last 4 digits)

Debtor 2*
(Spouse, if filing)    First Name        Middle Name        Last Name

                   Social Security Number: XXX-XX-
                       (Enter only last 4 digits)

Case Number:        _____
(if known)

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

CHAPTER 13 PLAN

☑        Original Plan

| I. | NOTICES |
| --- | --- |

To Debtors:        Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and
                   modified plans shall be served upon all creditors by the Debtor and a certificate of service shall be filed with the
                   Clerk.

❌ Close

💾 Save

**EXHIBIT D**

Connecticut Local Form Chapter 13 Plan                                                                                          9/2025

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1* | **Michael**        **Henry**        **Lotto** | |
| | First Name        Middle Name        Last Name | |
| | Social Security Number: XXX-XX-5530 | CHAPTER 13 PLAN |
| | (Enter only last 4 digits) | |
| Debtor 2* (Spouse, if filing) | First Name        Middle Name        Last Name | |
| | Social Security Number: XXX-XX- | |
| | (Enter only last 4 digits) | |
| Case Number: (if known) | | |

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

☑  Original Plan

| I. | NOTICES |
|---|---|

To Debtors:   Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors by the Debtor and a certificate of service shall be filed with the Clerk.

"Collateral" as used in this Chapter 13 Plan means the property securing a claim.

If the Debtor intends to determine the secured status of a claim pursuant to 11 U.S.C. § 506, or if the Debtor intends to avoid the fixing of a lien that impairs the Debtor's exemption pursuant to 11 U.S.C. § 522(f), then the Debtor must do two things: (1) indicate the Debtor's intention in this Chapter 13 Plan in the space below; and (2) file a separate motion pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) following the Contested Matter Procedure or local rules adopted after December 1, 2017. If a separate motion is not filed then the Debtor will not be entitled to relief pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f).

The Debtor must check the appropriate box (Included or Not Included) in the chart below. If an item is checked as "Not Included," or if both boxes are checked, the provision will be ineffective if later set out in this Chapter 13 Plan.

| | | |
|---|---|---|
| The valuation of a secured claim pursuant to 11 U.S.C. § 506, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f), set out in Section 3.3. | ☑ Included | ☐ Not Included |
| Assumption or rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, set out in Section VI. | ☐ Included | ☑ Not Included |

To Creditors:    Your rights may be affected by this Chapter 13 Plan. **You must file a timely proof of claim in order to be paid.** *See* Fed.R.Bankr.P. 3002. Your claim may be modified or eliminated. You should read this Chapter 13 Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Chapter 13 Plan's treatment of your claim or any provision of this Chapter 13 Plan, you or your attorney must file an objection to confirmation **no later than 7 days before the date set for confirmation of the Chapter 13 Plan** , unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Chapter 13 Plan without further notice if no objection to confirmation is filed. *See* Fed.R.Bankr.P. 3015.

This Chapter 13 Plan does not allow claims. The fact that your claim is classified in this Chapter 13 Plan does not mean that you will receive payment.

To All Parties:    The Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII. The Debtor must check one box in the chart below indicating whether any non-standard provision is Included or Not Included in Section VII of this Chapter 13 Plan.

| Non-standard provisions, set out in Section VII. | ☐ Included | ☑ Not Included |
| --- | --- | --- |

## II.  PLAN PAYMENTS AND LENGTH OF PLAN

The Debtor shall submit all or such portion of future earnings or other future income of the Debtor to the supervision and control of the Chapter 13 Standing Trustee as is necessary for the execution of this Chapter 13 Plan as required by 11 U.S.C. § 1322(a)(1). Payments by the Debtor will be made as set forth in this Section II. Debtor(s) shall make the first Plan payment no later than thirty [30] days after the date the Petition was filed.

**2.1**  **Payments to Chapter 13 Standing Trustee.**

Is this a modified plan?    ☐ Yes    ☑ No

The Debtor will make equal monthly payments to the Chapter 13 Standing Trustee as follows:

| $3,166.67 per month for 60 months. Total $190,000.20 |
| --- |
| If fewer than 60 months of payments are specified, additional monthly payments may be made to the extent necessary to make the payments to creditors specified in this Chapter 13 Plan. |

**2.2**  **Source of Payments to the Chapter 13 Standing Trustee.**

*Check all that apply.*

☐ The Debtor will make payments pursuant to a payroll deduction order.

☑ The Debtor will make payments directly to the Chapter 13 Standing Trustee electronically or at the following address (include case number on payment):
        Roberta Napolitano, Chapter 13 Standing Trustee
        PO Box 610
        Memphis, TN 38101-0610

**2.3**  **Income Tax Refunds.**

*Check one.*

☐ The Debtor will retain any income tax refunds received during the plan term. Note the Chapter 13 Standing Trustee may reduce the Debtor's deduction for payment of taxes in calculating disposable income if this option is selected.

☐ The Debtor will supply the Chapter 13 Standing Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return and will turn over to the Chapter 13 Standing Trustee all income tax refunds received during the Chapter 13 Plan term.

☐ The Debtor will treat income tax refunds as follows:

**2.4   Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**2.5   Estimated Total Payments.**

The estimated total payments to be made by the Debtor under this Chapter 13 Plan to the Chapter 13 Standing Trustee is:

$          190,000.20

**2.6   Order of Payments to Creditors by the Chapter 13 Standing Trustee**

Payments by the Chapter 13 Standing Trustee to classes of claims shall be made in the following order:

The Chapter 13 Standing Trustee shall make payments from the funds received from the Debtor pursuant to this Chapter 13 Plan until satisfaction of all costs of administration, all claims entitled to priority under 11 U.S.C. § 507, the present value of all allowed secured claims, and payments to unsecured creditors as provided in this Chapter 13 Plan.

## III.                                    TREATMENT OF SECURED CLAIMS

**3.1   Secured Claims That Will Not Be Modified.**

Secured claims that will not be subject to a valuation motion pursuant to 11 U.S.C. § 506, or to avoidance pursuant to 11 U.S.C. § 522(f), shall be described in this section.

Check all that apply.

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☑ There are secured claims where an arrearage will be paid ("cured") through this Chapter 13 Plan and current post-petition payments will be paid ("maintained") by the Debtor. Under a "cure and maintain" plan, the Chapter 13 Trustee will disburse funds paid into this Chapter 13 Plan to cure a pre-petition arrearage. Separately, the Debtor will make regular monthly payments directly to the creditor to maintain post-petition amounts due.

☐ There are secured claims that will be paid in full through this Chapter 13 Plan.

☑ There are secured claims treated in this Chapter 13 Plan that are not going to be modified.

1. Creditor:   **RCF 2 ACQUISITION TRUST**

Last 4 Digits of Account No.:   **3   2   4   7**

Proof of Claim No.: _____

☐ If the Plan proposes to cure and maintain a secured claim:

  Arrearage to be paid through the Plan (Cure): _____

  Regular Payment (Maintain) made directly by Debtor: _____ /month

☑ If the Plan proposes to pay the balance of the secured claim through the Plan:

  Entire balance on Petition Date to be paid through the Plan: _____ **$402,576.67**

  Interest Rate on Balance: _____ **2.00%**

☐ If there are secured claims that are not going to be modified:

  Payment to be made directly to the Creditor by the Debtor _____ /month

☑ Real Property

  ☑ Principal Residence

  ☐ Other (describe)

  Address of Collateral:

  **9 N BANK ST New Haven, CT 06511-2519**

Check below regarding real property taxes and insurance:

☑ Mortgage payments include escrow for:

  ☑ Real estate taxes

  ☑ Homeowners Insurance

☐ Debtor pays directly for:

  ☐ Real estate taxes

  ☐ Homeowners Insurance

☐ Personal Property/Vehicle

  *Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Fed.R.Bankr.P. 3002(c) control over any contrary amounts listed above as to the current installment payment and arrearage. In the absence of a contrary, timely filed proof of claim, the amounts stated above are controlling. If relief from the automatic stay is ordered as to any item of Collateral listed in this Section, then, unless otherwise ordered by the Court, all payments under this paragraph by the Chapter 13 Standing Trustee as to that Collateral will cease, and all secured claims based on that Collateral will no longer be treated by this Chapter 13 Plan.

The Debtor shall pay current real property taxes, personal property taxes, and insurance for property (Collateral) to be retained prior to and after confirmation of any Chapter 13 Plan.

**3.2.   Secured Claims Subject to Valuation Motion.**

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☑ The Debtor intends to seek an order of the Bankruptcy Court valuing a claim pursuant to 11 U.S.C. § 506.

**Secured Claims that are Subject to a Separate Motion or Adversary Proceeding Based on Valuation.**

Valuations under 11 U.S.C. § 506 may be sought to determine how a secured creditor's claim will be treated in a chapter 13 plan. This Chapter 13 Plan does not value claims. To value a claim pursuant 11 U.S.C. § 506, the Debtor must file and serve a separate motion pursuant to Fed.R.Bankr.P. 3012, 7004 and 9014(b). Any other form of relief sought by a debtor, including a determination of the extent, validity, and/or priority of a secured creditor's lien, must be determined in an adversary proceeding pursuant to Fed.R.Bankr.P. 7001.

The information provided below is for information purposes only, and the Debtor's valuation stated herein is subject to change, without the need to modify this Chapter 13 Plan, based on the resolution of any motion or adversary proceeding on valuation. The amount of the creditor's claim in excess of the valuation determined by the Court for the Collateral shall be treated with other general unsecured claims and paid *pro rata* provided that the creditor timely files a proof of claim.

The Debtor intends to file a motion requesting that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor states that the value of the secured claim should be as set out below. For secured claims of governmental units, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim controls over any contrary amount listed below. For each listed claim, the value of the secured claim as determined by the Court will be paid in full with interest at the rate stated below, upon an order of the Court on the Debtor's Motion.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section V of this Chapter 13 Plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section V of this Chapter 13 Plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below will retain the lien on the Collateral of the Debtor or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate.

**1.    Real Property:**        ☐ NONE

| 1. Creditor: **RCF 2 ACQUISITION TRUST** | Creditor's Total Claim Amount: | **Proposed Secured Claim Amount** |
|---|---|---|
| Last 4 Digits of Account No.: **3  2  4  7** | **$190,000.00** | Total Secured Claim to be treated in this Chapter 13 Plan: |
| Real Property ☑ Principal Residence ☐ Other (describe) | Value of Collateral: **$650,000.00** | **$190,000.00** |
| Address of Collateral: **9 N BANK ST New Haven, CT 06511-2519** | Secured Portion of Creditor's Lien: **$402,576.67** | If claim is for taxes, list principal amount of tax: |
| | Interest Rate:    **0.00%** | |
| | Is the Unsecured Portion of Creditor's Claim being treated in this Plan? ☐ Yes*  ☑ No | |
| | Unsecured Portion of Creditor's claim*: | |

**2.    Vehicles:**      ☑ NONE

**3.    Personal Property:**      ☑ NONE

**3.3   Secured Claims Subject To Avoidance (11 U.S.C. § 522(f)).**

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☑ The Debtor is seeking to avoid the fixing of judicial liens pursuant to 11 U.S.C. § 522(f). Judicial liens or nonpossessory, nonpurchase money security interests securing the claims may be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522(f) as listed below. A separate motion must be filed and served pursuant to Fed.R.Bankr.P. 7004 and applicable local rules.

To avoid liens pursuant to 11 U.S.C. § 522(f), the Debtor must file and serve a separate motion on the affected creditor(s) pursuant to Fed.R.Bankr.P. 3012, 7004 and 9014(b). The Debtor may at a later date seek to avoid a judicial lien held by a creditor not listed below. The details below are provided for informational purposes only, and are subject to change, without the need to modify this Chapter 13 Plan, based on the resolution of the Debtor's motion to avoid lien. The amount of the creditor's avoided lien, if any, shall be treated with other general unsecured claims and paid *pro rata* provided that the creditor timely files a proof of claim. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section IV or V as applicable, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under this Chapter 13 Plan. *See,* 11 U.S.C. § 522(f) and Fed.R.Bankr.P. 4003(d). The Debtor discloses the intention to avoid liens held by the following creditors.

| 1. Creditor: | Collateral: | **9 N BANK ST New Haven, CT 06511-2519** |
|---|---|---|
| **Discover Bank** | Basis for exemption: | |
| Last 4 Digits of Account No.: **3  2  7  S** | | |
| Total Amount of Creditor's Claim: **$5,367.52** | Amount of exemption that could be claimed: | **$281,575.00** |
| | Amount of Claim to be treated as unsecured claim: | **$5,367.52** |

### 3.4  Surrender of Collateral.

☑ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## IV.  TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4)]

### 4.1  Applicability Of Post-Petition Interest.

The Chapter 13 Standing Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4, will be paid in full without post-petition interest. If the court determines the Debtor is solvent or is to be treated as solvent under this Chapter 13 Plan, the Court may order post-petition interest be paid on claims.

Please enter the current interest rate to be paid to the IRS if interest is required to be paid under this Chapter 13 Plan (if the Debtor is being treated as if solvent): _____ %

If this Chapter 13 Plan proposes to pay post-petition interest on priority claims because the Debtor is being treated as if he or she were solvent, then interest shall be paid, if applicable, as follows: 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claims; and, _____ % interest per annum to the Internal Revenue Service's priority and general unsecured federal tax claims.

### 4.2  Trustee's Fees.

The Chapter 13 Standing Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

### 4.3  Administrative Attorney's Fees.          ☐ PRO BONO

An attorney representing a Chapter 13 Debtor is required to file Form B2030, Disclosure of Compensation of Attorney for Debtor, pursuant to Fed.R.Bankr.P. 2016(b).

Is this a modified plan?     ☐ Yes     ☑ No

| Total Fees: | Total Expenses: | Paid Prior to Confirmation: | Balance Due: |
|---|---|---|---|
| $ 0.00 | $ | $ 0.00 | $ 0.00 |

Total Allowance Sought:    $ 0.00 (Fees and Expenses)

Payable                                    [Check one]    ☐ Through this Chapter 13 Plan

_____                              ☐ Outside of this Chapter 13 Plan

If the total of the Debtor's attorney's fees prior to entry of a confirmation order is $6,000.00 or less, exclusive of costs, the filing of an itemized application for compensation pursuant to 11 U.S.C. § 330 shall be excused unless otherwise ordered by the Court. Local Bankr. R. 2016-2(b). If the total of the Debtor's attorney's fees prior to entry of a confirmation order is more than $6,000.00, exclusive of costs, the filing of an itemized application for compensation pursuant to 11 U.S.C. § 330 is required.

**4.4    Domestic Support Obligation(s).**

☑ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**4.5    Priority Claims.**

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

This Chapter 13 Plan may provide for less than full payment of all claims entitled to priority under 11 U.S.C.§ 507(a)(1)(b) only if the Chapter 13 Plan provides that all of the Debtor's projected disposable income for a 5-year period beginning on the date that the first payment is due under this Chapter 13 Plan will be applied to make payments under the Chapter 13 Plan. This Chapter 13 Plan treats claims entitled to priority pursuant to 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4), as follows:

---

1. Name of Creditor: **City of New Haven, Tax Division** _____

Proof of Claim Number: _____

Total Due: **$0.00**

Amount of Principal Due: **$0.00**

Amount of Interest Due: **$0.00**

Interest to be Paid Through Chapter 13 Plan?    ☐ Yes    ☑ No    Interest Rate: **0.00%**

---

## V.                    TREATMENT OF UNSECURED NON-PRIORITY CREDITORS

**5.1.    Unsecured Non-Priority Claims, Dividend To Be Paid.**

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☐ Percentage Plan. Through this Chapter 13 Plan the Debtor proposes to pay a dividend of not less than **0** % over a period of **60** months to allowed unsecured, non-priority creditors holding claims totaling $ **0.00** .

☐ Fixed Contribution Plan. Through this Chapter 13 Plan the Debtor proposes to pay a total of $ **0.00** over a period of **60** months to allowed unsecured, non-priority claims on a pro rata basis. The distribution to creditors holding unsecured, non-priority claims under a fixed contribution plan shall not be less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 pursuant to Bankruptcy Code § 1325(a)(4).

If the Debtor is being treated as solvent under this Chapter 13 Plan (so that unsecured creditors receive 100% of their claims plus interest), the interest rate to be paid to unsecured, non-tax claims is the Federal Judgment Interest rate as defined by 28 U.S.C. § 1961, on the date the Order Confirming Chapter 13 Plan is entered on the docket.

## VI.                    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

| VII | NON-STANDARD PLAN PROVISIONS |
|-----|------------------------------|

☑ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

| VIII. | VESTING OF PROPERTY |
|-------|---------------------|

**In accordance with 11 U.S.C. § 1327(b), property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

☐ plan confirmation.

☐ entry of discharge.

☐ other: _____

| | DEBTOR(S) DECLARATION |
|-|-----------------------|

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By signing and filing this document each Debtor certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Connecticut Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII.**

_____      _____
(Debtor Signature)                       (Joint Debtor Signature)

**Michael Henry Lotto**   **12/08/2025**
Debtor (Type Name)     Date         Joint Debtor (Type Name)        Date

_____   **12/08/2025**
Attorney with permission to     Date
sign on Debtor's behalf

[Note: Each attorney signature on this document is subject to Fed.R.Bankr.P. 9011.]

Note: An original document with the Debtor's inked signature must be maintained by Debtor's attorney.

**EXHIBIT E**



**EXHIBIT F**

**WILLCUTTS & HABIB, LLC**
*Attorneys at Law*

THOMAS P. WILLCUTTS
MICHAEL J. HABIB

MIKE@INZITARILAWOFFICE.COM

100 PEARL ST., FL. 14
HARTFORD, CT 06103-4500
TEL. (860) 249-7071
FAX. (860) 863-4625

# <u>BANKRUPTCY FEE AGREEMENT</u>

## 1. PARTIES TO THE AGREEMENT

This agreement is entered into by and between **Willcutts & Habib, LLC**, for professional services to

be rendered by a licensed attorney (hereinafter "Firm"), and <u>MICHAEL HENRY LOTTO</u>
NAME

of <u>9 N BANK ST, NEW HAVEN, CT 06511</u> (hereinafter "Client")
ADDRESS                                CITY          STATE    ZIP         TELEPHONE

on this <u>20th</u> of <u>November</u>, 20<u>25</u>, in <u>New Haven</u> **COUNTY**, Connecticut.
DAY              MONTH                      YEAR              COUNTY

## 2. CONDITIONS

Representation does not begin, and Firm has no obligation to provide legal services, until Client returns a signed and dated copy of this Agreement and pays the Fee pursuant to Paragraph 5 of this Agreement.

## 3. SCOPE AND DUTIES

*Included in Firm's Flat Fee* (unless otherwise noted in this Agreement)

Client hires and retains Firm to advise and consult with Client about bankruptcy; guide Client toward completion of pre-petition credit counseling; prepare and file the petition, schedules, statement of financial affairs, and other documents required to commence the case; appear at the meeting of creditors with Client; advise and consult Client about post-petition duties; and cooperate with the Trustee in the usual administration of the case.

Services contemplated herein shall be in the form of such written pleadings, court filings, court advocacy, discovery, correspondence, original documents, advice and counsel, negotiation, legal research, notes, and other forms of "work product" as may be appropriate for the task.

Firm shall provide those legal services reasonably required to represent client and shall take reasonable steps to keep client informed of the status of the matters that are the subject of this agreement, and to respond to client's reasonable inquires by phone, e-mail, fax or in person.

To the extent such issues are in connection with other legal matters, it is understood that Firm does not represent Client in such other matters unless a separate written fee agreement is executed reflecting such representation.

*Excluded from Firm's Flat Fee* (unless otherwise noted in this Agreement)

Firm's Flat Fee under this Agreement excludes, but said exclusions are not limited to, the following:

   a. Representing the client in objections to claims;

   b. Representing client in defense of trustee actions;

   c. Representing the client in adversary matters, including complaints to determine dischargeability, and complaints to determine the validity, priority, or extent of liens;

   d. Motions to strip down or strip off liens in chapter 7 cases;

   e. Other issues and tasks that may arise that are not deemed in the ordinary administration of a bankruptcy case.

## 4. CLIENT DUTIES

Client hereby agrees to:

a. Provide Firm with complete and accurate information as requested by Firm;

b. Provide copies of any and all documents requested, including, but not limited to: tax records, pay records, security documents, bank statements; mortgage accounts; vehicle titles, etc.;

c. Promptly respond to requests and/or inquiries from Firm, and cooperate with Firm;

d. Attend the Creditor's Meeting and any other meetings, hearings, or conferences at which Client's presence is required by the Court or requested by Firm; and,

e. Promptly inform Firm of any change in Client's address, telephone number, employment status, marital status, or financial situation.

## 5. COMMUNICATION THROUGH EMPLOYEES OR ASSOCIATES OF FIRM

Client understands and agrees that Firm may, from time-to-time, communicate information or advice, or request information from the client or third parties through one or more of Firm's employees, agents, associates, paralegals, or other staff associated with Firm. All such information shall be deemed confidential, subject to any waiver of confidentiality provided by this agreement. Persons described as "of counsel" are deemed regular associates of Firm.

## 6. FEE FOR CASE PROSECUTION

### a. Chapter 13 – Pro Bono

This Firm has agreed to file your Chapter 13 bankruptcy case *pro bono*, meaning Firm will not charge you for the legal work required to file and prosecute a typical individual (non-business) Chapter 13 bankruptcy. There is a **THREE-HUNDRED AND THIRTEEN dollars ($313.00)** Bankruptcy Court filing fee, which you will be responsible for paying directly to the Bankruptcy Court upon filing. You will also be responsible for paying a fee of approximately **TWENTY-FIVE dollars ($25.00)** for the pre-petition Credit Counseling course and a fee of approximately **THIRTY-FIVE dollars ($35.00)** for the post-petition Debtor Education course, both of which must be paid directly to the approved vendor from which you take the courses.

### b. Services Included

Included legal services consist of the following services and responsibilities:

(1) Meeting with Clients prior to the filing of the Bankruptcy Petition to determine eligibility;

(2) Running a credit report to ensure that all debts are listed;

(3) Gathering necessary documents;

(4) Preparing the bankruptcy petition and all necessary Schedules;

(5) Ensuring that the debtor(s) complete(s) credit counseling;

(6) Filing the petition, schedules, matrix, and credit counseling certificate with the Court;

(7) Filing a Motion to Extend the Automatic Stay, if necessary;

(8) Filing a Motion to Strip Off Junior Lien, if necessary;

(9) Reviewing all claims filed in the case;

(10) Attending ONE (1) Creditor's Meeting;

(11) Taking required action regarding the debtors' discharge.

### c. Services and Responsibilities Not Covered by the "Flat Fee"

The Chapter 13 fee does not cover events that will not happen in the typical, individual Chapter 13 case and which are, to that extent, unexpected. These events include, but are not limited to, the following:

(1) Pre-Bankruptcy Credit Counseling Course (*see* subsection d, below);

(2)   Post-Filing Credit Education Course (*see* subsection d, below);

(3)   Attending more than TWO (2) Creditors' Meetings (*see* subsection e, below);

(4)   Adversarial Proceedings (*see* subsection f, below);

(5)   Civil Matters (*see* subsection g, below);

(6)   Judgment Liens (*see* subsection h, below);

(7)   Criminal Matters (*see* subsection i, below);

(8)   Other Motions (*see* subsection j, below);

(9)   Amendments (*see* subsection k, below);

(10)  Re-Opening Bankruptcy (*see* subsection f, below);

(11)  Court costs, filing fees, and other related charges.

### d.  Pre-Bankruptcy Credit Counseling and Post-Filing Credit Education Course

**Before** filing a Petition for Bankruptcy, all consumer debtors are required to receive *credit counseling* from a qualified debt counselor.  The *credit counseling* can be completed over the phone or internet and typically **costs about $25.00.  This fee is separate from Firm's Fee and separate from the filing fee, and is Client's sole responsibility.**

**After** filing a Petition for Bankruptcy, but *before* the Court will grant a discharge of debts, all consumer debtors are also required to complete *credit education* from an approved debt management counselor.  The *credit education* can be completed over the phone or internet and typically costs between $35.00 and $50.00.  **This fee is also separate from Firm's Fee and separate from the filing fee, and is Client's sole responsibility.**

### e.  No-Shows and Multiple Court Appearances

The typical Chapter 13 Bankruptcy requires just one (1) to two (2) court appearance at the Creditors' Meeting, which is included in the Fee.  If Firm appears at the Creditors' Meeting, but Client fails to appear, Client will be responsible for compensating Firm's time at a rate of $250.00 per-hour for Court Time and Waiting Time, and Firm's travel from Hartford, Connecticut to the Bankruptcy Court in which Client's petition was filed at the prevailing IRS mileage rate.  These costs are in addition to the Flat Fee and Filing Fee.  Additional Court Appearances will likewise be billed at the same rates, and payment must be made in full prior to continuing with Client's petition.

### f.  Adversarial Proceedings

If a creditor or the trustee challenges your bankruptcy, or Client wishes to attempt to discharge a generally non-dischargeable debt, such as Student Loans, Client will have to pay an additional fee for representation regarding the challenge, in addition to any related court filing fees, which are also Client's responsibility.  A challenge can be a Motion to Dismiss, an Objection to Discharge, or a Complaint to Determine Dischargeability of a particular debt.  These challenges typically involve a separate proceeding within the bankruptcy case called an "Adversarial Proceeding".

In the event of such a challenge to Client's bankruptcy, Client will be charged a fee of $250.00 per-hour, with a $500.00 retainer, due and payable prior to Firm defending Client's position.  A minimum of 2 hours of billable time is anticipated necessary to respond to a challenge to Client's bankruptcy

If the defense of Client's position requires more than two-hours, Client will be charged additional fees at the rate of $250.00 per-hour, and must pay an additional retainer, the amount of which shall be at Firm's sole discretion, due and payable prior to Firm continuing to defend Client's position.  If Client does not pay this additional fee, Firm will not be obligated to continue to represent Client in the adversarial proceeding or other challenge.

### g.  Civil Matters

If Client has a civil case pending in the Superior Court or United States District Court, Client's bankruptcy filing can possibly be used to stop the pending case.  However, Client must file a notice of the bankruptcy with the Court in order for the stay to be recognized.

**Included in Firm's Fee is TWO (2) Stays of Proceedings.** There is no additional fee for filing this Stay of Proceedings in the first two civil cases.

After the first two such filings, Firm charges an additional fee of $50.00 per-case for each filing, due and payable immediately upon Client's request to file a Stay of Proceedings subsequent to the two Stays of Proceedings included in Firm's Flat Fee.

### h. Judgment Liens

If Client owns real estate and a judgment has been entered and recorded against Client, there is a Judgment Lien against Client's property. In order to remove the Judgment Lien from the property through bankruptcy, Client must file a Motion to Avoid Judgment Lien. **Firm's Fee for the bankruptcy does not cover Motions to Avoid Judgment Liens.**

Firm charges an additional fee of $75.00 per Motion to Avoid Judgment Lien, due and payable immediately upon Client's request to file a Motion to Avoid Judgment Lien.

### i. Criminal Matters

On occasion, a debt obligation can result in a related criminal proceeding. **Firm's Fee for the bankruptcy does not cover representation in any criminal matters.**

### j. Other Motions

*Reaffirmation*

If Client chooses to Reaffirm certain debts secured by property in order to keep the property, such as a home mortgage or a vehicle loan, the creditor generally prepares a Reaffirmation Agreement for Client to sign. If Client reaffirms the debt, Client remains personally liable for the full amount of the debt despite having filed bankruptcy.

**Included in Firm's Fee is TWO (2) Reaffirmations.** There is no additional fee for Reaffirmation in the first two debts.

After the first two Reaffirmations, Firm charges an additional fee of $75.00 per-Reaffirmation, due and payable immediately upon Client's request for a Reaffirmation subsequent to the two Reaffirmations included in Firm's Flat Fee.

*Redemption*

Occasionally, Client owes more on a secured debt than the value of the collateral (the loan is "upside-down.") In such cases, Client may elect to "Redeem" the collateral by paying the creditor the fair-market value of the collateral, called a "Redemption." Redemptions must be documented, either by a letter or a **formal motion. Firm's Fee for the bankruptcy does not cover Redemptions.**

If the creditor accepts a letter for Redemption, **Firm charges $50.00 per-letter.**

If a formal motion is required for Redemption, **Firm charges $100.00 per-motion.**

If a court appearance or hearing becomes necessary on the Redemption, **Firm's reduced hourly-rate of $150.00 per-hour will apply, with a minimum $150.00 retainer per Redemption that is subject to a hearing or court appearance.** A minimum of one-hour of billable Firm time is anticipated to be necessary per-Redemption that is subject to a hearing or court appearance.

If the defense of Client's Redemption requires more than one-hour, Client will be charged additional fees at the rate of $150.00 per-hour. If Client does not pay this additional fee, then Firm will not be obligated to continue to represent Client in the Redemption or other challenge to Client's bankruptcy.

*Motion to Avoid Non-Possessory, Non-Purchase Money Liens on Household Goods*

On rare occasions, Client receives financing or funding by granting creditors liens on household goods that the Client owns prior to financing, in order to secure the loan, known as a "Non-Purchase Money Lien." In order to remove Non-Purchase Money Liens from the household goods through bankruptcy, Client must file a "Motion to Avoid Non-Possessory, Non-Purchase Money Liens on

Household Goods". **Firm's Fee for the bankruptcy does not cover the Motion to Avoid Non-Possessory, Non-Purchase Money Liens on Household Goods.**

Firm charges an additional fee of $75.00 to file a Motion to Avoid Non-Possessory, Non-Purchase Money Liens on Household Goods, due and payable immediately upon Client's request to file.

### k. Amendments

Occasionally, Client may have overlooked an existing creditor and failed to include the creditor in the bankruptcy petition. If the charges or purchases were made, or the event occurred, prior to Client's filing for bankruptcy (they are "Pre-Petition"), and Client's bankruptcy is still pending at the time Client notifies Firm of the overlooked creditor, Client may be able to Amend the bankruptcy in order to include the overlooked creditor. **Firm's Fee for bankruptcy does not include Amendments.**

Firm charges an additional fee of $50.00 to file an Amendment, and there is a Court Filing Fee of $32.00 per Amendment, for a total of $82.00 due and payable immediately upon Client's request to file the Amendment.

### l. Re-Opening Bankruptcy

Occasionally, Client may have overlooked an existing creditor and failed to include the creditor in the bankruptcy petition, and discovers the overlooked creditor after Client's bankruptcy is discharged. If the charges or purchases were made, or the event occurred, prior to Client's filing for bankruptcy (they are "Pre-Petition"), but Client's bankruptcy has already discharged, Client may be able to Re-Open the bankruptcy and Amend Client's bankruptcy schedules in order to include the overlooked creditor. **Firm's Fee for bankruptcy does not include Re-Opening the bankruptcy and Amending the Schedules.**

Further, as noted in subsection d of this Section 6 of this Agreement, after filing Client's petition for bankruptcy, Client is required to complete a *debtor education course*, at Client's sole expense, as a pre-requisite to the Court discharging Client's bankruptcy. If Client fails to complete the *debtor education course* and provide Firm a copy of the certificate of completion for filing with the Court, Client's petition for bankruptcy may be dismissed WITHOUT discharge of Client's debts. However, Client may be able to subsequently Re-Open the bankruptcy petition for purposes of filing the certificate. **Firm's Fee for bankruptcy does not include Re-Opening the bankruptcy to file the required certificate.**

Firm charges an additional fee of $150.00 to Re-Open the bankruptcy and file the Debtor Education Course certificate of completion, and there is a Court Filing Fee of $260.00 for the Motion to Re-Open and a Court Filing Fee of $32.00 for the Amendment, for a total of $442.00 due and payable immediately upon Client's request to Re-Open the bankruptcy and Amend the Schedules.

If a court appearance or hearing becomes necessary on the Motion to Re-Open and Amendment, **Firm's reduced hourly-rate of $150.00 per-hour will apply, with a minimum $150.00 retainer per-Motion to Re-Open and Amendment that is subject to a hearing or court appearance.** A minimum of one-hour of billable Firm time is anticipated to be necessary per-Motion to Re-Open and Amendment that is subject to a hearing or court appearance.

If the defense of Client's Motion to Re-Open and Amendment requires more than one-hour, Client will be charged additional fees at the rate of $150.00 per hour. If Client does not pay this additional fee, then Firm will not be obligated to continue to represent Client in the Redemption or other challenge to Client's bankruptcy.

## 7. HOURLY RATES

In the event Client requests Firm perform services not specifically covered within Firm's Flat Fee under this Agreement, Firm shall bill hourly, and Client shall be responsible for paying Firm and providing a retainer in advance of Firm's performance, the amount of which is at Firm's sole discretion, at the following rates:

*Research and Pleading Drafting* ................................................... $250.00 per-hour
*Attorney Time in Court Hearing, including Waiting Time* ..................... $250.00 per-hour
*Reduced Hourly Rate*                 $150.00 per-hour

*Attorney Travel*............................................................................ Prevailing IRS
per mile rate

A separate Retainer Agreement shall be executed in the event Client requests Firm to perform services outside the scope of this Retainer Agreement.

## 8. COSTS

In addition to Client's obligation to pay Firm's Flat Fee for bankruptcy and Client's obligation to pay Firm all legal fees and fees for additional services, as described above, Client shall be solely responsible for all costs and expenses reasonably necessary for Client's matter. Firm, at its sole discretion, may, but is not required to, advance some costs and expenses, as permitted by law and the Rules of Professional Conduct, and Client shall reimburse Firm for any such costs reasonably incurred, due and payable upon invoicing. Such costs and expenses include, but are not limited to:

**fees fixed by law; fees assessed by public agencies; court filing fees; service of process fees; court reporter fees; deposition fees; long-distance telephone calls; messenger, courier or delivery services; in-office printing and photocopying at $0.11 per page; parking expenses reasonably incurred by Firm; mileage at the prevailing IRS financial standards mileage rate; consultant's fees; retrieval of records from Federal Records Center (the Court charges $64.00 for the first box and $39.00 per-additional box, plus Firm's actual costs and expenses in requesting and retrieving the records); search of court records (the Court charges $30.00 per-name or item, plus Firm's actual costs and expenses in requesting and retrieving the search results); certification of document or paper by the Court (the Court charges $11.00 per-document or paper, plus Firm's actual costs and expenses in requesting and retrieving the certified document or paper); Exemplification of a record by the Court (the Court charges $21.00 per-exemplification, plus Firm's actual costs and expenses in requesting and retrieving exemplified record); reproductions of CD and Tape recordings of Court Proceedings (the Court charges $30.00 per-reproduction, plus Firm's actual costs and expenses in requesting and retrieving the reproduction); and, any and all similar costs and expenses.**

Client further authorizes Firm to incur all reasonable costs, and Client agrees to reimburse Firm immediately upon invoicing, for all such costs, including obtaining Client's credit reports, Public Records searches, and hiring any investigators, associates, or consultants reasonably necessary in Firm's judgment.

## 9. PAYMENT

*Payment in Full*

As Firm has agreed to this representation on a *pro bono* basis, there is no payment required at this time.

*Method of Payment*

Payments must be made with funds legally and ethically earned or received, and no funds may come from illegal means or activity.

Payments shall be made by Client, to Firm, by: cash; check, money order, or certified bank draft payable to "Willcutts & Habib, LLC;" or, wire transfer. Any payment made by uncertified means (i.e. money order or personal/business check), will delay the beginning of representation until payment clears Firm's financial institution.

Payments made by an individual other than Client must be accompanied by a "Third Party Payment Consent" form.

Client agrees to pay to Firm the maximum fee permitted by law for any payment returned to Firm for insufficient funds, or otherwise unpayable. Firm reserves the right to notify law enforcement and/or other relevant authorities of Client's returned payment, and to prosecute Client to the fullest extent permitted by law.

**Bankruptcy law prohibits Client from paying any attorney fee for bankruptcy with a credit card or charge card.**

## 10. CONFLICTS OF INTEREST

From time to time, Firm represents multiple parties, which may create a conflict of interest. If such a conflict exists, said conflict will be disclosed, in writing, by Firm to Client, prior to the execution of this Agreement, and by signing this Agreement, Client acknowledges any previously disclosed conflict(s) of interest and expressly authorizes Firm to represent Client in this matter despite said conflict.
In the event of a conflict of interest with a current or former client of Firm, Firm may be required to decline or withdraw from representation, pursuant to applicable laws and the Rules of Professional Conduct, upon Firm's discovery of said conflict.

## 11. ADVICE BETWEEN SPOUSES AND JOINT PETITIONS

From time to time, spouses may elect to petition for bankruptcy together (a "joint petition"), or one spouse may petition for bankruptcy while the other spouse does not. **Firm's Fee for bankruptcy does not include joint petitions for bankruptcy.**

We charge an additional, reduced Fee of $1,000.00 for such joint petitions, due and payable immediately upon Client's retention of Firm to file joint petition.

Client acknowledges that, for purposes of Firm's Flat Fee, each spouse is considered a separate client, and Firm cannot take sides in any disputes between spouses regarding bankruptcy, finances, or tax matters that may affect either or both spouses.

_____ (initial) Client waives any conflict of interest that may arise in regard to disputes between spouses filing joint petitions.

_____ (initial) Client agrees that any information communicated by Firm to either spouse shall be deemed communicated to both spouses.

## 12. AUTHORITY TO ASSOCIATE OUTSIDE COUNSEL

Firm may, at its sole discretion, associate other, outside counsel in representing Client's interests or in giving relevant legal advice or assistance in providing services, at no additional cost to Client, unless otherwise disclosed by Firm and agreed to, in writing, by Client.

It is specifically understood that other attorneys within the Firm may handle all or a portion of Client's representation.

## 13. CONSENT TO OBTAIN DOCUMENTS OR INFORMATION

Client hereby gives consent for Firm to obtain any or all of the following: State and Federal tax records; Credit reports; Mortgage information; Business/personal bank records; Court documents; Public records; Payroll information from employer; and, Accounting or Bookkeeping records.

## 14. LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND CONFIDENTIALITY

By signing this Agreement, Client agrees to waive Attorney-Client Privilege, Confidentiality, and Work-Product Privilege, to the extent such waiver may be required under bankruptcy law, may be waived by the bankruptcy trustee and/or court, or other applicable law.

Subject to the paragraph below, Firm shall be free to inform the bankruptcy trustee or Bankruptcy Court of any fraudulent, unethical, or inappropriate conduct by Client following the date of execution of this agreement.

Client understands and acknowledges, however, that no information or communication between Client and Firm that may bear on any criminal proceeding existing as of the date of this agreement, shall be provided to any necessary third-party **without Client's written consent.**

By signing this agreement, Client does not waive his privilege against self-incrimination under the Fifth Amendment of the United States Constitution.

## 15. CLIENT ACCESS TO FILE AND DOCUMENT RETENTION

Client's legal file, and the documents therein, are Client's property.  Firm shall retain Client's property obtained and/or generated during the pendency of the legal services being rendered, and upon the completion thereof, in perpetuity.  All pleadings, motions, and other file contents produced by Firm, shall be retained by Firm for a period of seven (7) years.

At the completion of services AND upon request of the Client, or at the earlier request by Client, Client's original property shall promptly be released and delivered to Client; however, Firm shall retain a complete copy of Client's legal file, and said copy shall be made at Client's expense.

If Client does not accept return of such property after legal services have been completed, Firm is authorized to retain and/or dispose of such property in Firm's reasonable discretion, and any storage costs thereof shall be paid by Client as additional costs.

## 16. DISCHARGE OF FIRM

Client may, at any time, discharge Firm for any reason whatsoever by written notice, which shall become effective upon receipt by Firm.  Upon receipt, Firm shall cease to provide all legal services to Client, unless otherwise agreed upon by Firm and Client.  Client acknowledges that following such termination, Client shall remain obligated to pay for all fees and costs owed to Firm as required by the terms of this agreement.  Client further acknowledges that Discharge of Firm may be at the discretion of the Court for pending legal matters, and a Court may refuse to permit Firm's withdrawal from the matter, even if it is the desire of Client.  If the Court refuses to accept Firm's Withdrawal, Client shall remain responsible for all fees and costs accrued after the date of termination.

## 17. WITHDRAWAL FROM REPRESENTATION

Firm may withdraw from representation as Client's attorney of record at any time, subject to applicable law and the Connecticut Rules of Professional Conduct, and subject to the same provisions as set-forth above in Section 16, and for "good cause."

"Good Cause" shall include, but is not limited to: Client's failure to pay fees within the time provided by this agreement; Client's failure to pay any advance retainer fee or additional advance retainer fee as request by Firm; Client's refusal to cooperate with Firm or its staff; Client's failure or refusal to follow Firm's advice; Client's verbal abuse of Firm or its staff in person, by phone, or by email, or other rude, hostile or otherwise inappropriate demeanor or communication to Firm or its staff; any other fact, request or conduct that would render Firm's continuing representation unfeasible, futile, unlawful or unethical.

Upon withdrawal all unpaid balances due for fees and costs shall be immediately payable.

## 18. CONCLUSION OF MATTER

At the conclusion of Firm's services, all unpaid balances due for fees and/or costs shall be immediately due and payable in full.

## 19. COLLECTION COSTS

In the event that Firm institutes any action or proceeding against Client to collect unpaid balances due pursuant to this agreement, Client shall pay all attorney's fees, collection costs, and other costs reasonably incurred by Firm for such collection efforts.

## 20. NO GUARANTEE OF OUTCOME

Nothing in this Agreement, and nothing in statements made by Firm or its staff to Client directly or within hearing range of Client, shall be deemed or construed as a promise or guarantee about the outcome of Client's matter.  Neither Firm nor its staff make such promises or guarantees, and any comments or utterances of Firm's staff or attorneys are merely such persons' opinions.

## 21. ENTIRE AGREEMENT

This Agreement is complete in its entirety between Firm and Client.

This Agreement supersedes all other verbal or written agreements made prior to or concurrent with this Agreement.

## 22. SEVERABILITY

The remainder of this entire Agreement shall be severable and remain in effect if any provision in whole or in part is held unenforceable for any reason.

## 23. VENUE

This Agreement shall be governed by the laws of the State of Connecticut.

Any action to enforce any or all provisions of this Agreement must be brought in the Connecticut Superior Court for the Judicial District of Hartford, or in the Connecticut Superior Court for the Judicial District where Client resides, or the Connecticut Superior Court for the Judicial District where Client's petition for bankruptcy was filed.

## 24. AMENDMENTS AND MODIFICATIONS

Prior to Execution, this Agreement may be modified and/or amended by writing such modification or amendment on the original of this Agreement in permanent blue or red ink, and by Client and Firm dating and initialing the amendment or modification in the margins of the relevant text.  Subsequent to Execution, this Agreement may be modified only by the execution of a written agreement signed by Firm and Client.

Client understands and acknowledges that if Client wishes to retain Firm for any additional legal services that have not been included in this agreement, a separate agreement shall be necessary.

## 25. EFFECTIVE DATE AND SIGNING

This Agreement shall be effective upon signing by all parties hereto, and upon full payment of Firm's Fee, as set forth herein, or upon payment of an initial non-refundable deposit as set forth herein.

This Agreement shall not become effective, and Firm shall have no duty to act on behalf of Client, until payment of such fee pursuant to this agreement.

**THIS IS A LEGALLY BINDING CONTRACT.  IF YOU DO NOT FULLY UNDERSTAND A TERM, ASK TO HAVE THAT TERM FULLY EXPLAINED TO YOU SO THAT YOU UNDERSTAND THE AGREEMENT YOU ARE MAKING**

**BY SIGNING BELOW/ON THE FOLLOWING PAGE YOU AGREE THAT THE TERMS AND CONDITIONS CONTAINED HEREIN ARE FAIR AND REASONABLE, AND THAT YOU ARE SIGNING OF YOUR OWN FREE-WILL AND NOT UNDER ANY INFLUENCE, DURESS, OR COERCION**

**IN WITNESS WHEREOF**, the undersigned have read and agree to be bound by this Agreement, and execute the same, effective this 20th day of November , 20 25 .

**CLIENT,**

Name: Michael Henry Lotto

**Willcutts & Habib, LLC,**

By: _____

   **MICHAEL J. HABIB**, ATTORNEY AT LAW

**EXHIBIT G**

| Debtor 1 | MICHAEL | HENRY | LOTTO | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 6:   Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

**16a.   Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b.   Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☑ No.   I am not filing under Chapter 7. Go to line 18.

☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
  ☐ No
  ☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,000-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7:   Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _____

Michael Henry Lotto, Debtor 1

Executed on **11/21/2025**
    MM/ DD/ YYYY

Official Form 101          Voluntary Petition for Individuals Filing for Bankruptcy          page 7

Debtor 1     **MICHAEL**          **HENRY**          **LOTTO**
              First Name           Middle Name        Last Name                              Case number *(if known)* _____

For your attorney, if you are          I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to
represented by one                     proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under
                                       each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by
If you are not represented by an       11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry
attorney, you do not need to file this that the information in the schedules filed with the petition is incorrect.
page.

**X** _____        Date **11/21/2025**
       Signature of Attorney for Debtor                  MM / DD / YYYY


**MICHAEL J. HABIB** _____
Printed name

**WILLCUTTS & HABIB LLC** _____
Firm name

**100 PEARL ST FL 14** _____
Number      Street

_____

**HARTFORD** _____        **CT**    **06103-4500** _____
City                                         State    ZIP Code


Contact phone **(860) 249-7071** _____        Email address **MIKE@INZITARILAWOFFICE.COM** _____


**434006 / CT29412** _____        **CT** ____
Bar number                                   State

Fill in this information to identify your case:

| Debtor 1 | Michael | Henry | Lotto |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:        **District of Connecticut**

Case number
(if known) _____

☐ Check if this is an
amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person _____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119)*.

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____

Michael Henry Lotto, Debtor 1

Date **11/21/2025**
        MM/ DD/ YYYY

| Debtor 1 | **Michael** | **Henry** | **Lotto** | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**15. Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here → .................................................................................................... **$3,751.00**

Multiply line 15a by 12 (the number of months in a year). **x 12**

15b. The result is your current monthly income for the year for this part of the form.................... **$45,012.00**

**16. Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live. **Connecticut**

16b. Fill in the number of people in your household. **1**

16c. Fill in the median family income for your state and size of household. .................................... **$82,141.00**

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ☑ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C–2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C–2).** On line 39 of that form, copy your current monthly income from line 14 above.

---

**Part 3:   Calculate Your Commitment Period Under 11 U.S.C. §1325(b)(4)**

---

**18. Copy your total average monthly income from line 11.** ............................................................................... **$3,751.00**

**19. Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a. ..................................................... **– $0.00**

19b. Subtract line 19a from line 18. **$3,751.00**

**20. Calculate your current monthly income for the year.** Follow these steps.

20a. Copy line 19b. ...................................................................................................................... **$3,751.00**

Multiply by 12 (the number of months in a year). **x 12**

20b. The result is your current monthly income for the year for this part of the form. **$45,012.00**

20c. Copy the median family income for your state and size of household from line 16c. ....................... **$82,141.00**

**21. How do the lines compare?**

☑ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

---

**Part 4:   Sign Below**

---

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X _____

Signature of Debtor 1

Date **11/21/2025**
　　　MM/ DD/ YYYY

If you checked 17a, do NOT fill out or file Form 122C–2.

If you checked 17b, fill out Form 122C–2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Official Form 122C-1   Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period   page 3

B2030 (Form 2030) (12/15)

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| 11/21/2025 | / |
|---|---|
| Date | Michael J. Habib |
| | *Signature of Attorney* |

Bar Number: 434008 / ct29412
Willcutts & Habib LLC
100 Pearl St Fl 14
Hartford, CT 06103-4500
Phone: (860) 249-7071
Fax: (860) 863-4625

**Willcutts & Habib LLC**

*Name of law firm*

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

IN RE: Lotto, Michael Henry

CASE NO

CHAPTER 13

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date   11/21/2025           Signature   _____

Michael Henry Lotto, Debtor

B2830 (Form 2830)(04/25)

# United States Bankruptcy Court
## District of Connecticut

In re **Lotto, Michael Henry**

Debtor

Case No. _____

## CHAPTER 13 DEBTOR'S CERTIFICATIONS REGARDING DOMESTIC SUPPORT OBLIGATIONS AND SECTION 522(q)

*Part I. Certification Regarding Domestic Support Obligations (check no more than one)*

Pursuant to 11 U.S.C. Section 1328(a), I certify that:

☑ I owed no domestic support obligation when I filed my bankruptcy petition, and I have not been required to pay any such obligation since then.

☐ I am or have been required to pay a domestic support obligation. I have paid all such amounts that my chapter 13 plan required me to pay. I have also paid all such amounts that became due between the filing of my bankruptcy petition and today.

*Part II. If you checked the second box, you must provide the information below.*

My current address:

_____

My current employer and my employer's address:

_____

_____

*Part III. Certification Regarding Section 522(q) (check no more than one)*

Pursuant to 11 U.S.C. Section 1328(h), I certify that:

☑ I have not claimed an exemption pursuant to § 522(b)(3) and state or local law (1) in property that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $214,000* in value in the aggregate.

☐ I have claimed an exemption in property pursuant to § 522(b)(3) and state or local law (1) that I or a dependent of mine uses as a residence, claims as a homestead, or acquired as a burial plot, as specified in § 522(p)(1), and (2) that exceeds $214,000* in value in the aggregate.

\* Amounts are subject to adjustment on 4/01/28, and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

*Part IV. Debtor's Signature*

I certify under penalty of perjury that the information provided in these certifications is true and correct to the best of my knowledge and belief.

Executed on ___**11/21/2025**___
　　　　　　　MM/ DD/ YYYY

_____
Debtor

This Chapter 13 Plan may provide for less than full payment of all claims entitled to priority under 11 U.S.C.§ 507(a)(1)(b) only if the Chapter 13 Plan provides that all of the Debtor's projected disposable income for a 5-year period beginning on the date that the first payment is due under this Chapter 13 Plan will be applied to make payments under the Chapter 13 Plan. This Chapter 13 Plan treats claims entitled to priority pursuant to 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4), as follows:

1. Name of Creditor: **City of New Haven, Tax Division**

Proof of Claim Number: _____

Total Due: _____ **$0.00**

Amount of Principal Due: _____ **$0.00**

Amount of Interest Due: _____ **$0.00**

Interest to be Paid Through Chapter 13 Plan?  ☐ Yes  ☑ No      Interest Rate:  **0.00%**

## V.  TREATMENT OF UNSECURED NON-PRIORITY CREDITORS

### 5.1.  Unsecured Non-Priority Claims, Dividend To Be Paid.

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

Through this Chapter 13 Plan the Debtor proposes to pay the general unsecured creditors holding claims totaling:

$ _____ 0.00

a dividend of not less than _____ 0 _____ % over a period of _____ 60 _____ months.

If the Debtor is being treated as solvent under this Chapter 13 Plan (so that unsecured creditors receive 100% of their claims plus interest), the interest rate to be paid to unsecured, non-tax claims is _____ 0.00 _____ % per annum.

## VI.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## VII  NON-STANDARD PLAN PROVISIONS

☑ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

### PURSUANT TO 11 U.S.C. § 1327(B), PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR UPON ENTRY OF AN ORDER CONFIRMING THIS CHAPTER 13 PLAN.

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By signing and filing this document each Debtor certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Connecticut Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII.**

_____
(Debtor Signature)

_____
(Joint Debtor Signature)

**Michael Henry Lotto** _____
Debtor (Type Name)          Date

_____  _____
Joint Debtor (Type Name)        Date

_____  _____
Attorney with permission to          Date
sign on Debtor's behalf

**EXHIBIT H**



**OBITUARIES**

# Ernest Canteen, Jr., 53

**BY STAFF**

July 16, 2025 3:14 pm

Ernest Canteen, Jr., lovingly known as Ernie, passed away peacefully leaving behind a legacy defined by creativity, warmth, and unwavering love. Born on November 9, 1971, in New Haven, Connecticut, he was the cherished son of the late Carol Canteen and Ernest "Willie" Canteen, Sr. Ernest attended Career High School and later dedicated many years to the United States Postal Service.

Ernest was known for his strong work ethic, infectious smile, and dependable nature and became a familiar and beloved presence in the community. His kindness and sincerity left a lasting impact with people who crossed paths with him. Music was Ernest's constant companion. His home often echoed with the sounds of his favorite songs, filling rooms with rhythm and life. He also had a great appreciation for food, relishing every opportunity to enjoy a delicious meal — especially surrounded by family and friends; laughter and joy was the best part. An imaginative artist, Ernest expressed himself through elaborate displays that became neighborhood landmarks. From vivid floral arrangements to a Koi fishpond with water fountains that turned his home into a place where people were drawn to. His artistic flair was a reflection of the heart behind it.

Ernest's deepest joy came from his beloved dogs — Smoke, Sky, Seven, Snoop, Helen, Junior, Hope, Diesel, and Lady. They were not simply pets, but family — each being a treasured companion who received his devoted care and attention.

Ernest was preceded in death by his mother, Carol Barbara Canteen; and maternal and paternal grandparents. He is survived by his father, Willie Ernest Canteen; devoted partner of 20 years, Michael Lotto; sister, Barbara Canteen; nephew, Treyvone Canteen and wife, Jennifer, their children, Aaliyah, Haisley, and Taliyah Canteen; niece, Briana Canteen-Wiggins and her husband, Andre, Sr., their children Andre, Jr., Averee (Fatty), and Anilyla; older brother, Antoine "Tony" Anderson and his son, Nasir Anderson all of New Haven, Connecticut; as well as a host of aunts, uncles, extended relatives, friends, and neighbors who will dearly miss his vibrant spirit

Ernest's compassion, humor, and creative soul touched the lives of everyone who knew him. Though he may be gone from our sight, the joy and love he shared will live on in our hearts forever.

A celebration of his life will take place Monday, July 21, 2025 at 12:00 PM at Howard K. Hill Funeral Services, 1287 Chapel St, New Haven, CT 06511. Friends may call Monday at the funeral home between 11:00 AM – 12:00 PM. Interment will be private. To leave a message of comfort for the Canteen family, please visit, www.hkhfuneralservices.com

**EXHIBIT I**

**FORECLOSURE BY SALE COMMITTEE REPORT**
JD-CV-75  Rev. 5-24

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ | *COURT USE ONLY*<br>GX<br> |
| --- | --- |

STATE OF CONNECTICUT
JUDICIAL BRANCH
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions to Committee:** *Complete and file with the court at completion of sale.*

| Name of case *(First-named Plaintiff vs. First-named Defendant)*<br>**US Bank Trust National Association v. Michael Lotto** | Docket number<br>**NNH-CV-19-6092761-S** |
| --- | --- |
| Judicial District of<br>**New Haven** | Date<br>**November 24, 2025** |

Your committee received notice from the court and opened a file on  **09/15/2025**  .

The bar date was  **October 8, 2025**  (*date before which no fees or expenses are to be incurred*).

Your committee then:

(1)  Prepared and filed an appearance on  **N/A**  .

(2)  Reviewed the court file on the Judicial Branch website or at the court on  **10/08/2025**  .

(3)  Contacted plaintiff's attorney requesting a copy of the complaint, title search and appraisal on  **10/08/2025**  .

(4)  Ordered a title search on  **N/A**  .

(5)  Drafted the notice for the website and posted it at *www.jud.ct.gov/e-services* on  **10/08/2025**  .

(6)  Drafted language for the sign and ordered the sign on  **10/08/2025**  .

(7)  The sign was erected on  **10/23/2025**  .     Re-erected on  **10/28/2025**  .

(8)  Examined the premises on  **10/26/2025**  and determined sign was  ☐ in place  ☒ not in place

(9)  Prepared the foreclosure sale notice and e-mailed or faxed it to (*name of newspaper*) _____

on _____ ☒ or not applicable.

(10) Received confirmation of receipt of notice from the (*name of newspaper*) _____

on _____ ☒ or not applicable.

(11) Instructions to the appraiser on  **10/08/2025**  .

(12) Ordered liability insurance on  **11/17/2025**  .

(13) Prepared a fact sheet on  **11/10/2025**  .

(14) The appraiser's report was received on  **10/10/2025**  .

(15) Fair market value was determined to be $  **850,000.00**  which was  ☒ above  ☐ below  ☐ same as value found at judgment.

(16) Prepared the following for the date of the sale: (*Select as appropriate*)

 ☒ Fact Sheet - Notice to Bidders

 ☒ Bid sign-up sheet

 ☒ Bidding numbers

 ☒ Bidding List

 ☒ Sales Agreement

(17) Received  **18**  inquiries from interested parties to date of sale.

(18) The legal notice was published in the newspaper on  **N/A**  and on _____ and commenced running on the Judicial Branch website on  **10/08/2025**  .

| Print Form | Page 1 of 3 | Reset Form |
| --- | --- | --- |

(19) On the date of sale:

A. Arrived at property at _____**10:15**_____ a.m.

B. Weather conditions:   ☐ Good   ☒ Raining   ☐ Snowing

Describe:

C. Access to premises:   ☐ Yes   ☒ No

Describe:

D. Condition of the Premises:

Exterior:   ☐ Poor   ☐ Fair   ☒ Good

Interior:   ☐ Poor   ☐ Fair   ☐ Good   ☒ Unknown

E. Were the premises occupied?   ☒ Yes   ☐ No

Number of units _____ out of _____

F. Was a locksmith hired?   ☐ Yes   ☒ No

If yes, explain why:

G. Was a police officer hired?   ☐ Yes   ☐ No

If yes, explain why:

H. Number of people who inspected the property: _____**9**_____

Number of people who signed to bid: _____**1**_____

Opening bid: $ _____**501,100.00**

Closing bid: $ _____**501,101.00**

Number of bids: _____**1**_____

[ Print Form ]          Page 2 of 3          [ Reset Form ]

I. Extraordinary circumstances:
Describe:

Post Auction:

Delivered check to court on  **11/24/2025**
Prepared Motions for Approval of Committee Sale,
Approval of Committee Deed, Acceptance of
Committee Report, Allowance of Fees and Expenses,
Allowance of Appraiser's Fees and filed these on  **11/24/2025**
Prepared and filed Affidavit for Committee Fees on **11/24/2025**

Exhibits:

A. Picture of Sign
B. Copy of Advertisement(s)
C. Confirmation of on-line advertisement
D. Fact Sheet - Notice to Bidders
E. List of Bidders
F. Bid Sheet
G. Sales Agreement
H. List of Phone Calls

Bills for:

I. Sign
J. Advertisement
K. Insurance
L. Locksmith
M. Police Officer
N. Title Search
O. Appraisal

Expenses

| | |
|---|---|
| Title Search fee | |
| Sign | 627.46 |
| Appraiser's Fee | 400 |
| Liability Insurance | 250 |
| Advertisement (if applicable) | |
| Locksmith (if applicable) | |
| Police Officer (if applicable) | |
| TOTAL | 1277.46 |

_____
Committee

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date)___**11/24/2025**___ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**McCalla Raymer Leibert Pierce LLC- ctcourtnotices@mccalla.com**
**Atty. Michael J. Habib- Mike@InzitariLawOffice.com**

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed (Signature of filer) | Print or type name of person signing | Date signed |
|---|---|---|
| ▶ | **Amanda Tiernan** | **11/24/2025** |



# MANCINI SIGN SERVICES

## FORECLOSURE PUBLIC AUCTION SIGN

### Address: 9 North Bank Street, New Haven, CT

### Posted: October 23, 2025

# COMMITTEE

# Atty. Amanda Tiernan



# MANCINI SIGN SERVICES

## FORECLOSURE PUBLIC AUCTION SIGN

### Address: 9 North Bank Street, New Haven, CT

### Posted: October 28, 2025

**\*\*2nd sign posted for the Nov. 22 sale. 1st sign was removed.\*\***

# COMMITTEE

# Atty. Amanda Tiernan

 
 

## Foreclosure By Sale - Validation

| | | | |
|---|---|---|---|
| **Case Caption:** | US BK TR NAT'L ASSOC,NOT IN ITS IND CAP BUT SOLELY v. LOTTO, MICHAEL | **File Date:** | 05/30/2019 |
| **Docket Number:** | NNH-CV19-6092761-S | **Return Date:** | 06/11/2019 |
| **Disposition:** | | **Disposition Date:** | |

Instructions: Verify that the following information is correct. To make changes, select the MODIFY button. To post the ad, select the SUBMIT button.

**TOWN:** New Haven

**SALE DATE:** Nov 22, 2025

**SALE TIME:** 12:00 PM

**INSPECTION COMMENCING AT:** 10:00 AM

**NOTICE RUNS FROM** Oct 08, 2025 **THROUGH** Nov 23, 2025

# NO
# PHOTO
# AVAILABLE

**NOTICE HEADING:**

PUBLIC AUCTION
FORECLOSURE SALE: Residential
ADDRESS:9 North Bank Street, New Haven, CT

**NOTICE BODY:**

Pursuant to a judgment of the Superior Court for the Judicial District of New Haven at New Haven in US BK TR NAT'L ASSOC,NOT IN ITS IND CAP BUT SOLELY v. LOTTO, MICHAEL Docket No. NNH-CV19-6092761-S the property named above will be sold, subject to court approval, at public auction on Saturday, November 22, 2025 at 12:00 PM on the premises.

Anyone who wants to participate in the bidding, except the foreclosing plaintiff, must register with the Committee prior to the auction and present for the Committee's examination a certified or bank check made payable to the bidder in the amount of $84,500.00

Qualified bidders will be issued numbers, and bidding will be conducted and recorded by those numbers. The Committee must collect all deposit checks from bidders when bidders register to bid. The successful bidder will be required to endorse the check to the Clerk of the Superior Court at the conclusion of the auction.

A report of the results of this auction will be submitted promptly to the Court for approval. The successful bidder must be prepared to pay the balance of the purchase price within thirty (30) days after the approval of the sale. The deposit may be ordered forfeited if the successful bidder fails to complete the transaction within the thirty-day period.

The property is being sold "as is," subject to no contingencies whatsoever. The Committee makes no warranties, either express or implied, concerning the property's condition, and no adjustments will be made for any defects that may be discovered after this date. The Committee makes no representations of any kind as to the environmental condition of the property. All bids are to be based on the bidder's own information and knowledge of the property, learned through his or her own efforts, and not on any representation or comments made by the Committee.

The property is being sold free and clear of the lien(s) being foreclosed, and of all interests subsequent in right to that lien.

The property is being sold subject to:

All taxes due the municipality not foreclosed by this action,
Water and sewer use charges not foreclosed by this action,
All building and zoning regulations of the municipality which affect this property,
All building lines, easements, restrictions and all other matters concerning this property which appear of record,
The rights of any person in possession or occupancy of the property who have not been made parties to this foreclosure action,
The right of the United States of America to redeem the property, if applicable under Federal law,
Any other liens on this property which have not been foreclosed by this action.

Further description of the property and further terms of the sale may be obtained from the Committee or from the court file.

**COMMITTEE INFORMATION:**
AMANDA W.TIERNAN
Committee
LAW OFFICE OF LEE KENNEDY TIERNAN, LLC
P.O. BOX 120554
EAST HAVEN CT 06512
PHONE: 2035302340
FAX:2037850589
EMAIL:AWT123@ATT.NET

| Submit | Modify | Cancel |

**FORECLOSURE BY SALE**
**FACT SHEET - NOTICE TO BIDDERS**
JD-CV-80 Rev. 5-24
June Special Session, P.A. 9-3

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ |
| --- |

STATE OF CONNECTICUT
JUDICIAL BRANCH
**SUPERIOR COURT**
*www.jud.ct.gov*



---

Name of case (Plaintiff v. Defendant)

**US Bank National Trust Associates v. Lotto, Michael**

Docket number

**NNH-CV19-6092761S**

Address of property

**9 North Bank Street, New Haven, CT 06511**

Size, type and age of property

**2.5 Story 7rm 4 bedroom 2.1 Bath Colonial with 2913 sq ft lving area**

| Appraisal date | Appraisal value | Number of bedrooms | Number of bathrooms |
| --- | --- | --- | --- |
| **10/10/25** | **850,000.00** | **4** | **2.1** |

| Annual property taxes | Taxes paid to date? | If vacant, how long |
| --- | --- | --- |
| **17,598.80** | **☒** Yes ☐ No | **N/A** |

## Notice to Bidders

Pursuant to a judgment of foreclosure by sale rendered by the Superior Court for the Judicial District of

**New Haven**                    at   **New Haven**

in the case of   **US Bank Trust National Association Not In Its Individual Capacity But Soley as Owner Trustee For RCF 2**

**Acquisition Trust v. Michael Lotto**

Docket No.   **NNH CV19-6092761S**            the property known as   **9 North Bank Street, New Haven, CT**

is being sold at public auction on Saturday, **11/22/2025**            at 12:00 noon, or at _____ as ordered by the court.

The property is legally described in **Attachment A.**

**The sale is subject to approval by the court.**

Anyone wishing to participate in the bidding, except the foreclosing plaintiff, must register with the committee before the auction and present for the committee's examination a certified or bank check in the amount of *(Amount of Deposit)*

$ **84,500.00**            Write the dollar amount in words *(e.g. ten thousand five hundred dollars)*

**Eighty Four Thousand Five Hundred Dollars**

Qualified bidders are issued numbers, and bidding is conducted and recorded by those numbers. The committee must collect all deposit checks from bidders when bidders register to bid. The successful bidder is required to endorse the check to the Clerk of the Superior Court when the auction concludes.

The results of this auction are submitted for the court's approval. The successful bidder must pay the balance of the purchase price within thirty (30) days after the approval of the sale. The deposit may be forfeited if the successful bidder fails to complete the transaction within this period.

The property is sold "as is," not subject to contingencies. The committee makes no express or implied warranties concerning the property's condition. No adjustments will be made for defects discovered after the sale. No representations are made about the environmental condition of the property. **All bids are made based on bidder's own information and knowledge learned through their own efforts, and not on any representation or comments made by the committee.**

The property is sold free and clear of the lien(s) being foreclosed, and of all interests subsequent in right to that lien. The property is being sold subject to:

A.) All taxes due the city of **New Haven**            not foreclosed by this action. The Tax Collector has advised the

committee that the outstanding balance on these taxes is $ **-0-**            . plus accruing interest.

The committee makes no representations as to the accuracy of this information.

| Print Form | Page 1 of 2 | Reset Form |
| --- | --- | --- |

B.) Water and Sewer use charges not foreclosed by this action. The Regional Water Authority and the Water Pollution Control Authority have advised the committee that the outstanding balance on these charges total $ -0- plus accruing interest. The committee makes no representations as to the accuracy of this information.

C.) All building and zoning regulations of the the city of   New Haven   which affect this property.

D.) All building lines, easements, restrictions and all other matters concerning this property which appear of record.

E.) The rights of any person in possession or occupancy of the property who have not been made parties to this foreclosure action.

F.) The right of the United States of America to redeem the property, if applicable under Federal law.

G.) Any other liens on this property which have not been foreclosed by this action.

The successful bidder must record the committee deed within 30 days of the closing.

Any additional information, including but not limited to special features and other information regarding the property, is included as Attachment   A   .

Committee for sale (Name)   Amanda Tiernan

## SCHEDULE A

All that certain piece or parcel of land with the buildings and all other improvements thereon situated in the Town and County of New Haven, and State of Connecticut, known as #9-11 North Bank Street, and bounded:

SOUTHERLY:      by North Bank Street, 40 feet;

WESTERLY:      by land now or formerly of Joseph Lawrence, 125 feet, more or less;

NORTHERLY:      by land now or formerly of James H. Woodhouse, 40 feet;

EASTERLY:      by land now or formerly of John Pyrdol, 125 feet, more or less.

DOCKET NO: NNH-CV-19-6092761     :     **SUPERIOR COURT**

US Bank Trust Nat'l Assoc.     :     **J.D. NEW HAVEN**

V.     :     **AT NEW HAVEN**

Michael Lotto     :     **November 24, 2025**

### List of Bidders and Course of Bidding

1. US Bank National Associates  --  $501,100.00
2. 189 Realty LLC     --   $501,101.00

### List of Calls and Emails Total  18

1. 11/10/25   1
2. 11/19/25   2
3. 11/21/25   12
4. 11/22/25   3

**SALES AGREEMENT**
**FORECLOSURE**

JD-CV-88  Rev. 3-11
June Special Session, Public Act No. 10-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

| Name of case (Plaintiff v. Defendant) | Judicial District | Docket number |
|---|---|---|
| **US Bank Trust National Assoc v. Lotto, Michael** | **New Haven** | **NNH-CV-19-6092761S** |

| Seller/Committee's name | Juris number |
|---|---|
| **Amanda Tiernan, Commitee** | **416403** |

| Seller/Committee's address | Telephone number |
|---|---|
| **PO Box 120554, East Haven, CT 06512** | **203-785-0635** |

| Buyer's name | Telephone number |
|---|---|
| 189 Realty LLC | 203-434.2576 |

Buyer's address
13 College Street New Haven Ct 06511

Property Address/Location *(Attach a detailed description of the property and label it "Attachment A")*

**9 North Bank Street, New Haven, CT 06511**

Deposit paid by Buyer to Seller in the form of a certified check or bank check:

**Eighty Four Thousand Five Hundred** ($ **84,500.00** )

A. In consideration of:
  1. the deposit paid by the Buyer to the Seller, and
  2. on or before 30 days after the approval of the sale, the Buyer paying the seller the additional amount of: 416,601.00
  Four hundred sixteen thousand hundred one ($416,601.00) in cash or by certified check, and

  3. the Buyer assuming and agreeing to pay all outstanding taxes, water and sewer charges and assessments due the town where the property is situated and the Buyer agreeing that there will be no adjustments to the purchase price for the outstanding taxes, water and sewer charges and assessments;

  4. the buyer agreeing that at the closing, he or she shall provide the Committee with a certified or bank check, payable to the Clerk of the Superior Court, for the balance of the purchase price;

  5. the buyer agreeing that within 30 days of the closing, he or she will record the committee deed;

  6. the Buyer and Seller agreeing that:
     a. the sale is to be free and clear of the lien being foreclosed and of all subsequent claims the holders of which are bound by this action, but subject to all prior interests and subject to building, building line and zoning regulations of the town where the property is situated and any and all provisions of any public or private law; and
     b. the sale is subject to the Seller obtaining the approval of the Superior Court, subject to building, building line and zoning regulations of the town in which the property is situated and any and all provisions of any public or private law; and agreeing that if the approval is not obtained, this agreement shall be null and void and the deposit will be returned to the Buyer; and
     c. the Seller has made no representations regarding the condition of the premises or the quality of title except as otherwise stated in this agreement and that the buyer is purchasing the premises in its "as is" condition; and
     d. the title will be transferred within thirty (30) days from
        i. the date of approval of the sale by the Superior Court, or
        ii. the date of the final determination of any appeal from such approval, or
        iii. any other time the Court may order; and
     e. if the Buyer fails to make any of the payments required by this agreement, the Court may order the Buyer to lose all claims to the property and all money paid under this agreement;

B. The Seller will, within 30 (thirty) days of:
  1. the sale being approved by the Superior Court, or
  2. the date of the final determination of any appeal from such approval, or
  3. at any other time ordered the Court,

give to the Buyer a good and sufficient Committee's Deed containing the usual covenants in such deeds, for the property described above and in Attachment A.

| Signed (Seller/Committee) | Date |
|---|---|
| | **11/22/2025** |
| Signed - Buyer | Date |
| | **11/22/2025** |

> The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA/*

## SCHEDULE A

All that certain piece or parcel of land with the buildings and all other improvements thereon situated in the Town and County of New Haven, and State of Connecticut, known as #9-11 North Bank Street, and bounded:

SOUTHERLY:      by North Bank Street, 40 feet;

WESTERLY:       by land now or formerly of Joseph Lawrence, 125 feet, more or less;

NORTHERLY:      by land now or formerly of James H. Woodhouse, 40 feet;

EASTERLY:       by land now or formerly of John Pyrdol, 125 feet, more or less.

**EXHIBIT J**

ORDER   445561

DOCKET NO: NNHCV196092761S                    SUPERIOR COURT

US BK TR NAT'L ASSOC,NOT IN ITS IND          JUDICIAL DISTRICT OF NEW HAVEN
CAP BUT SOLELY                                   AT NEW HAVEN
   V.
LOTTO, MICHAEL                                12/16/2025


## ORDER


ORDER REGARDING:
11/24/2025 149.00 MOTION FOR APPROVAL OF COMMITTEE SALE/DEED/REPORT/FEES AND
EXPENSES/APPRAISER'S FEES JD-CV-99

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

The foregoing motion having been presented to the Court, it is hereby ordered:

1. The Committee Sale is approved and the Committee Deed is approved subject to clerk's office review.

2. The Committee Report is accepted.

3. The Committee's Fees and Costs are approved as follows:
Fees : $ 4345.00
Costs : $ 877.46
Appraiser : $ 400.00

4. The plaintiff shall file for Supplemental Judgment within 90 days of the court's approval of the sale. The motion for supplemental judgment must be filed even if the plaintiff is the successful bidder and no money will be paid into court.

Judicial Notice (JDNO) was sent regarding this order.

445561
_____

Judge: ALAYNA M STONE


This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

**EXHIBIT K**









## Settings

General   Labels   Inbox   Accounts and Import   **Filters and Blocked Addresses**   Forwarding and POP/IMAP   Add-ons   Chat and Meet   Advanced   Offline   Themes

**The following filters are applied to all incoming mail:**

The Inbox setting for important messages is set to "Override filters." That means "Skip Inbox" filter rules will be ignored for messages that are important.

Matches: **from:(CTBECF_Courtmail@ctb.uscourts.gov)**
Do this: Star it, Apply label "Bankruptcy Court Notices", Never send it to Spam, Mark it as important      edit   delete

Matches: **from:(NoReply.eservices@jud.ct.gov)**
Do this: Star it, Apply label "State Court Notices", Never send it to Spam, Mark it as important      edit   delete

Matches: **from:(bncedi@noticingcenter.com)**
Do this: Star it, Apply label "Bankruptcy Court Notices", Never send it to Spam, Mark it as important      edit   delete

Matches: **from:(CMECF@ctd.uscourts.gov)**
Do this: Star it, Apply label "Federal Court Notices", Never send it to Spam, Mark it as important      edit   delete

Matches: **from:(do-not-reply@globalnotifications.com)**
Do this: Star it, Apply label "VINE Criminal Court Notifications", Never send it to Spam, Mark it as important      edit   delete

Matches: **subject:([CCDLA-L]*)**
Do this: Skip Inbox, Apply label "Connecticut Criminal Defense Lawyers Association", Never mark it as important      edit   delete

Matches: **from:(alerts@courtlistener.com)**
Do this: Apply label "Bankruptcy Court Notices", Never send it to Spam      edit   delete